# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**HELEN HEWETT,**

       Plaintiff,

**v.**                            **CIVIL ACTION NO. 3:21-CV-43 (KLEEH)**

**TRACY WEESE**

       Defendant.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Pending before the Court is Plaintiff Helen Hewett's, ("Plaintiff") pro se Motion [ECF Nos. 10, 12] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that this Court lacks jurisdiction, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

### II.  THE COMPLAINT[2]

On March 22, 2021, Plaintiff filed the instant pro se complaint alleging that Tracy Weese ("Defendant") harmed Plaintiff. ECF No. 1. While the complaint is not the epitome of clarity, it appears that Plaintiff is asserting that Defendant was Plaintiff's

---

[1] This action was referred to the undersigned by Order dated April 20, 2021. ECF No. 11.
[2] It is difficult for the undesigned to describe the facts alleged in the complaint because the complaint is almost impossible to comprehend.

1

attorney and helped other individuals harm Plaintiff's children. Id. at 1, 2. Plaintiff demands $200,000,000.00 in monetary relief. Id. at 2. Further, she states that she wants her children returned and the individuals involved in this matter to be incarcerated. Id.

### III. LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### IV.     DISCUSSION

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Here, Plaintiff lists her and Defendant's addresses as being in West Virginia. On the face of the complaint, both parties are citizens of the same state. Therefore, diversity jurisdiction does not exist under § 1332.

Federal-question jurisdiction requires that the action "aris[e] under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. In the complaint, Plaintiff does not appear to argue that Defendant violated Plaintiff's rights under the Constitution of the United States or federal statute. In reviewing the complaint, the Court cannot discover a basis for federal-question jurisdiction. Therefore, federal-question jurisdiction does not exist under § 1331.[3]

---

[3] Notwithstanding the lack of subject-matter jurisdiction, Plaintiff has failed to state any plausible claim upon which relief can be granted. The complaint contains minimal information against the only named

## V.     RECOMMENDATION

For the foregoing reasons, I find that Plaintiff has failed to state a claim upon which this Court may exercise jurisdiction. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF Nos. 10, 12] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Helen Hewett, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

---

Defendant, facts that are difficult to understand, and conclusory allegations without factual support. The allegations contained in Plaintiff's complaint are serious and disturbing, which the undersigned does not take lightly. However, broad, conclusory allegations and labels without a scintilla of factual support are insufficient to state a claim upon which relief can be granted. Plaintiff has filed multiple complaints before this Court, where Plaintiff raises serious allegations against named Defendants in each complaint, and other individuals, without comprehensible facts to support such claims.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 23rd day of April, 2021.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE